```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Citigroup Global Markets       :
Realty Corp,

       Plaintiff,              :

    v.                         :    Case No. 2:13-cv-1232

Ronald Brown, et al.,          :    JUDGE PETER C. ECONOMUS
                                    Magistrate Judge Kemp
                               :
       Defendants.
```

REPORT AND RECOMMENDATION

On December 2, 2008, Citigroup Global Markets Realty Corp filed this mortgage foreclosure action in the Court of Common Pleas of Delaware County, Ohio, as Case No. 08-CVE-12-1598. On December 11, 2013, defendants Ronald Brown and Tonya Brown (collectively "the Browns") removed the case to this Court and subsequently filed an amended notice of removal. The substitute plaintiff in the underlying action, Florida Coastal Partners, LLC ("Florida Coastal"), has filed a motion to remand this case for lack of subject matter jurisdiction. (Doc. 13). The Browns have filed a memorandum in opposition, and the motion is now ready to decide.

In its motion, Florida Coastal states that this is the second attempt by the Browns to remove this case. On February 23, 2010, the Browns first attempted to remove Case No. 08-CVE-12-1598 to this Court. See Case No. 2:10-cv-165. On March 15, 2010, Judge Graham issued an order remanding that case to the Court of Common Pleas based upon his finding that this Court lacked subject matter jurisdiction. (Doc. 13, Ex. A); see also Case No. 2:10-cv-165, Doc. 4.

In his remand order, Judge Graham found that a fair reading

of the petition reflected that the Browns removed the case based upon their belief that it involved federal questions of law. Judge Graham, however, found that the complaint in Case No. 08-CVE-12-1598 "is a simple mortgage foreclosure action" which did "not, on its face, raise any claims that arise under federal law." Id. at 2.  Judge Graham noted that the availability of a federal defense does not alter the "well-pleaded complaint rule," under which a "complaint states a federal question only when 'a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of plaintiff's cause of action.'" Id., quoting Gully v. First Nat'l Bank, 299 U.S. 109 (1936). He also pointed out that this Court had "specifically held that the existence of federal law defenses to a mortgage foreclosure action brought under state law does not make the case removable." Id. at 3, quoting James v. Guaranteed Rate, Inc., 2009 WL 928285, *4 (S.D. Ohio Apr. 6, 2009). For these reasons, and because he determined that this foreclosure case was "an action between private parties that is wholly governed by state law," Judge Graham held that the Court did not have jurisdiction and that the case was improperly removed. Id. at 3-4. Consequently, pursuant to 28 U.S.C. §1447(c), Judge Graham remanded the action to the Court of Common Pleas of Delaware County, Ohio.

Here, Florida Coastal argues that all of the findings in Case No. 2:10-cv-165 are applicable to the Browns' second attempt at removal. The Browns oppose Florida Coastal's motion to remand, arguing that "the Defendants' removal in December, 2013 is under different circumstances than the removal in March, 2010." (Doc. 14 at 1). According to the Browns:

> This Court has Subject Matter jurisdiction for several reasons. The Defendants Ronald and Tonya Brown have filed a lawsuit against the Substitute Plaintiff in Federal Court alleging violations of the Fair Debt

2

> Collection Practices Act (FDCPA). The State Court case is a related case. A Federal question arises under 28 U.S. Code §1331 regarding the State Court case. The Defendants Ronald and Tonya Brown have filed a lawsuit against the Substitute Plaintiff in State Court which is part of this Court's record. The Plaintiffs may join related claims to their lawsuit in Federal Court under Federal Rule of Procedure 18. State Court proceeded to trial on December 12, 2013 without a jury which is unlawful under 28 U.S.C. § 1331 because the Defendants Ronald and Tonya Brown made a "Jury Demand" upon the filing of their lawsuit in State Court.

Id. at 2.

The Browns appear to argue that this Court has subject matter jurisdiction because they filed a separate lawsuit in this Court against Florida Coastal which involves a federal question. In Case No. 2:13-cv-1225, the Browns sued certain entities and individuals who they claim defrauded them, violated the Fair Debt Collection Practices Act, and clouded the title to their property in connection with the mortgage involved in the foreclosure action in state court. Although Case No. 2:13-cv-1225 is a related case, it is insufficient to confer subject matter jurisdiction in this case. As Judge Graham explained in Case No. 2:10-cv-165, the complaint is a simple mortgage foreclosure action which does raise any claims that arise under federal law. That has not changed since the prior attempt to remove the case. Further, "[c]ourts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court." MFC Twin Builders, LLC v. Fajardo, 2012 WL 3862399, *4 (E.D. Cal. Sept. 5, 2012), adopted and affirmed 2012 WL 4468751 (E.D. Cal. Sept. 27, 2012); see also Evergreen Sch. Dist. v. N.F., 393 F. Supp.2d 1070, 1075-76 (W.D. Wash. 2005). The relationship of the two matters simply does not create federal court jurisdiction over a case where that jurisdiction is

3

not present based upon the pleadings in that case.  Consequently, this Court does not have subject matter jurisdiction over this removed case.

Alternatively, the Browns argue that because the court in Case No. 08-CVE-12-1598 held a bench trial as opposed to a jury trial, this Court has federal question jurisdiction.  The Browns appear to be arguing that the state court deprived them of their constitutional right to a jury trial, which they had demanded in their answer.  Even if they are correct, those facts do not give rise to federal subject matter jurisdiction over the case.  Their constitutional argument can be made on appeal to a state court, but it is not properly raised on removal to this Court because, again, no federal question is presented in the complaint - the procedure about which the Browns complain happened well after the complaint was filed.  It has long been the law that a case cannot be removed simply to challenge the constitutionality of the state court proceedings.  See, e.g., In re Stuart, 143 F.Supp. 772, 774 (W.D. Mich. 1956)(remanding a case removed on the basis that the state court had violated the defendant's federal due process rights by ordering a competency examination, and explaining that "it is well recognized that the grounds for removal must be found in the declaration or complaint or in the initiatory proceedings in the State court").

Further, even if the Browns sought to raise their jury trial claim as independent cause of action in this Court, it would be barred by the Rooker-Feldman doctrine.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  That doctrine, explained simply, is that federal district courts do not function as appellate courts to review and correct errors occurring during the course of state court proceedings.  As the Court of Appeals has explained, "[t]he inquiry [under Rooker-Feldman] ... is the

4

source of the injury the plaintiff alleges in the federal complaint.  If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction." McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).  Because the source of the injury alleged by the Browns is the state court's decision to hold a bench trial and not a jury trial, this Court has no jurisdiction to hear the Browns' claim.

Based upon the foregoing, the Court finds that there is no basis for federal removal jurisdiction in this case.  Consequently, the Court recommends that Florida Coastal's motion to remand (Doc. 13) be granted and this case be remanded to the Court of Common Pleas of Delaware County, Ohio.

### Procedure On Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                         <u>/s/Terence P. Kemp</u>
                                         United States Magistrate Judge