**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CITIGROUP GLOBAL MARKETS REALTY CORP.,**  Plaintiff,  v.  **RONALD BROWN, et al.,**  Defendants. | **Case No. 2:13-cv-1232**  **Judge Peter C. Economus**  **Magistrate Judge Terrence P. Kemp**  **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Magistrate Judge Terrence P. Kemp's Report & Recommendation (ECF No. 15) and Defendants Ronald Brown and Tanya Brown's ("the Browns") objections thereto (ECF No. 17). For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R & R, and **REMANDS** this case for lack of subject matter jurisdiction.

**I.    Background**

   A.   **Procedural History**

On December 2, 2008, Citigroup Global Markets Realty Corp filed this mortgage foreclosure action in the Court of Common Pleas of Delaware County, Ohio, as Case No. 08-CVE-12-1598. On December 11, 2013, the Browns removed the case to this Court and subsequently filed an amended notice of removal. The substitute plaintiff in the underlying action, Florida Coastal Partners, LLC ("Plaintiff or Florida Coastal"), filed a motion to remand this case for lack of subject matter jurisdiction. (ECF No. 13.)

In its motion, Florida Coastal states that this is the second attempt by the Browns to remove this case. (ECF No. 13 at 1.) On February 23, 2010, the Browns first attempted to remove Case No. 08-CVE-12-1598 to this Court. *See* Case No. 2:10-cv-165. On March 15, 2010,

United States District Judge James L. Graham issued an order remanding this case to the Court of Common Pleas based upon his finding that this Court lacked subject matter jurisdiction. (Ex. A, ECF No. 13.); *see also* Case No. 2:10-cv-165.

### B. **Magistrate Judge's Report**

In the instant action, Plaintiff filed a motion to remand. (ECF No. 13.) The Browns opposed the motion. (ECF No. 14.) Magistrate Judge Kemp issued a Report and Recommendation in which he recommended that the Court grant Plaintiff's motion. (ECF No. 15.) The Magistrate Judge found that there was no basis for federal removal jurisdiction. (*Id.*)

In their opposition to Plaintiff's motion to remand, the Browns argued that this Court has subject matter jurisdiction because they filed a separate lawsuit that involves a federal question. (ECF No. 14 at 2.) Specifically the Browns filed a lawsuit against Plaintiff alleging violations of the Fair Debt Collection Practices Act, fraud, and quiet title. *See* Case No. 13-cv-1225. The Browns maintained that because their separate action is a related case, they could remove this action pursuant to Federal Rule of Civil Procedure 18, which permits jointer of claims. (ECF No. 14 at 2.) Magistrate Judge Kemp found that the relationship between the two cases does not create federal court jurisdiction because jurisdiction is not present upon the face of the pleadings in this case. (ECF No. 15 at 3.) Magistrate Judge Kemp explained that "'[c]ourts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court. *MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399, *4 (E.D. Cal. Sept. 5, 2012), *adopted and affirmed* 2012 WL 4468751 (E.D. Cal. Sept. 27, 2012); *see also, Evergreen Sch. Dist. v. N.F.*, 393 F. Supp.2d 1070, 1075-76 (W.D. Wash. 2005).'" (ECF No. 15 at 4.)

The Browns also argued that federal question jurisdiction exists because the state court deprived them of their constitutional right to a jury trial. (ECF No. 14 at 2.) The Magistrate Judge disposed of this argument, indicating that the Browns can make their constitutional argument on appeal to a state court. (ECF No. 15 at 4.) The Magistrate Judge noted further, that the *Rooker-Feldman* doctrine bars this Court from hearing the constitutional claim. (ECF No. 15 at 4.) That doctrine, named after the decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 461 U.S. 462 (1983), stands for the proposition that "the lower federal courts do not have jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Raymond v. Moyer,* 501 F.3d 548 (6th Cir. 2007) (internal quotation marks omitted). The Magistrate Judge determined that the *Rooker-Feldman* doctrine applied because the Browns were, in essence, attempting to appeal a decision of the state court. (ECF No. 15 at 4.)

## II.  Standard of Review

### A.  Review of a Magistrate Judge's Report

A district court must review *de novo* those portions of a magistrate judge's report to which a specific objection has been made, and may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "However, the district court need not provide *de novo* review where the objections are . . . general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's

recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller,* 50 F.3d at 380).

### B. **Removal**

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removal statute provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S .C. § 1441(a).

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts strictly construe removal jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) ("[W]e have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power."). "Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction." *Green Tree Servicing, LLC v. Eddie*, 3:13-CV-63, 2013 WL 1867023 (S.D. Ohio May 2, 2013) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)).

The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989).

### III. **Analysis**

In the present case, the Browns Objection to the Magistrate Judge's Report is not the model of clarity. (ECF No. 17.) While the Objection has five different sections in which the

4

Browns make numerous arguments as to why the Court has jurisdiction, it fails to pinpoint those portions of the Magistrate Judge's report the Browns want this court to specially consider. The Court discerns only one issue the Browns raise that is dispositive and contentious. The Browns object to the determination that no federal question jurisdiction exists under 28 U.S.C. § 1331, and the well-pleaded complaint rule because the Complaint on its face did not raise any claims under federal law. (ECF No. 17 at 2.) Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996) (quoting *Caterpillar Inc.*, 482 U.S. at 392. "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc.*, 478 U.S. at 808. The Browns argue that federal question jurisdiction exists under three exceptions to the well-pleaded complaint rule: the artful pleadings doctrine, the complete preemption doctrine, and the substantial federal question doctrine[1]. (ECF No. 17.)

Before addressing this objection, the Court notes that Judge Graham, not the Magistrate Judge, already determined that no federal question jurisdiction existed under the well-pleaded complaint rule when the Browns first tried to remove this case. Judge Graham pointed out that this action, on its face, did not "raise any claims that arise under federal law." Case No. 2:10-cv0165 at 2. Judge Graham noted that the availability of a "federal defense does not alter the well-pleaded complaint rule," under which a "complaint states a federal question only when 'a right or immunity created by the Constitution or laws of the United States [is] an element, and an

---

[1] The Sixth Circuit has referred to the artful pleading doctrine, complete preemption, and the substantial federal question doctrine as "exceptions" to the well-pleaded complaint rule. *See Mikulski Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

essential one, of plaintiff's cause of action.'" *Id*. at 2 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). Judge Graham also noted that this Court, in *James v. Guaranteed Rate*, Inc., 2009 WL 928285, *4 (S.D. Ohio Apr. 6, 2009), "specifically held that the existence of federal law defenses to a mortgage foreclosure action brought under state law does not make the case removable." *Id*. at 3. In his Report, the Magistrate merely summarized Judge Graham's previous ruling. (ECF No. 15 at 2.) Magistrate Judge Kemp's Report did not address this issue. Instead, he addressed whether the Court had jurisdiction pursuant to Rule 18 of the Federal Rules of Civil Procedure, and whether the Court had jurisdiction over the Browns' constitutional claim. (ECF No. 15 at 3-5.)

The Browns' objection therefore goes to an issue already decided by Judge Graham. Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, "a party may file specific objections to the proposed findings and recommendations" of a magistrate judge. Thus, the Browns currently can rightfully object to Magistrate Judge Kemp's Report and Recommendations, but the Browns' objection to Judge Graham's determination is improper at this juncture in the proceedings. If the Browns take issue with Judge Graham's determination, they should have raised it in a motion for reconsideration when they first tried to remove this case. *See Deutsche Bank Trust Co. v. Hollander-Kellman*, 12-12699, 2012 WL 3639283 (E.D. Mich. Aug. 24, 2012) (addressing a motion for reconsideration after remanding a case for improper removal).

Moreover, assuming *arguendo*, even if the Court construes the Magistrate Judge's Report so as to make the Browns' objection proper, the assertion that federal jurisdiction exists under an exception to the well-pleaded complaint rule has no merit. The Court will briefly address each of the Browns' three arguments in turn.

A. **Artful Pleading Doctrine**

First, the Browns take the position that federal jurisdiction exists under the artful pleading doctrine because the Complaint concealed Plaintiff's status as a servicer. (ECF No. 17 at 4.) In support of their contention, the Browns note that they had to supply the Court with documents about Plaintiff's servicer status. (*Id.*) The Browns assert that this concealment of documents amounts to artful pleading. (*Id.*) "Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007).

The Browns' argument here misses the mark. The fact that the Browns, not Plaintiff, supplied certain documents to the state court does not support the contention that Plaintiff artfully pled the foreclosure action. *See Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (removal not appropriate under artful pleading theory when defendants did "not adequately develop [the] argument" and the court found "no support in the record for the contention that [plaintiffs] artfully pled the foreclosure action). Whether Plaintiff concealed its servicer status has nothing to do with Plaintiff's claim, as this information could be raised as a potential defense to the claim. As noted above, however, "the existence of federal law defenses to a mortgage foreclosure action brought under state law does not make the case removable." *James*, 2009 WL 928285, \*4. The Browns point to no statute creating a federal cause of action for foreclosure that the Plaintiff attempted to avoid in its pleading. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 563 (6th Cir. 2007) (finding no jurisdiction when no statute provides a federal cause of action that might have been invoked by a less artfully drafted complaint). A "foreclosure complaint [is] an action between private parties to determine the

contractual rights to private property." *Jam-es v. Guaranteed Rate, Inc.*, 1:09-CV-38, 2009 WL 928285 (S.D. Ohio Apr. 6, 2009). A contract claim, on its own, does not create federal cause of action. *See Strategic Assets, Inc. v. Fed. Express Corp.*, 190 F. Supp. 2d 1065, 1069 (M.D. Tenn. 2001) ("[B]reach of contract and unjust enrichment claims are not governed by federal common law and may be pursued in state court."). The Court finds that it does not have jurisdiction under the artful pleading doctrine.

    B.    **Federal Preemption**

Second, the Browns argue that federal jurisdiction exists because of the preemption components of certain federal laws. (ECF No. 17 at 5.) Federal courts have jurisdiction over a very limited scope of state law claims under the complete preemption doctrine. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). The complete preemption doctrine is an exception to the well-pleaded complaint rule. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005) (Complete preemption "is of very limited application: it is a very limited exception to the well-pleaded complaint rule."). Complete preemption that supports removal and ordinary preemption are two distinct concepts. *Warner v. Ford Motor Co.* 46 F.3d 531, 535 (6th Cir. 1995) (en banc). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court." *Caterpillar,* 482 U.S. at 398. "Complete preemption that permits removal is reserved for statutes 'designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action' while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal." *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005) (quoting *Warner*, 46 F.3d at 535). "[T]he congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of

8

action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.,* 78 F.3d 256, 260 (6th Cir. 1996) (citing *Warner,* 46 F.3d at 534–35).

The Browns complete preemption argument is not well taken. The Browns do not establish or point to any statute that creates complete preemption of the claims in this case. The Browns cite the Home Owners' Loan Act of 1933 ("HOLA"), 12 C.F.R. § 560.2, *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and Article 3 of the Uniform Commercial Code. The Browns are correct that HOLA expressly preempts state laws claims related to "terms of credit," "disclosure," "processing," "origination," "servicing," "sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b); *see also*, *Yousif v. Ocwen Mortgage Co., LLC*, 816 F. Supp. 2d 463, 468 (E.D. Mich. 2010) ("Federal courts have repeatedly held that § 560.2(b) preempts state common law claims."). The claims in this case, however, do not deal with servicing loans; this case is a foreclosure action. Complete preemption under 12 C.F.R. § 560.2 generally arises in a different context i.e., when individuals sue lenders for fraud in state court. *See Yousif, LLC*, 816 F. Supp. 2d at 468 (finding preemption when plaintiff sued lenders alleging that defendants were not holders of mortgage notes and quiet title, and asserting claims for fraud, misrepresentation, and breach of contract); *Conder v. Home Savings of America,* 680 F.Supp.2d 1168 (C.D.Cal.2010), (finding same); *Ayala v. World Savings Bank, FSB,* 616 F.Supp.2d 1007 (C.D.Cal.2009) (finding same).

The same is true for RESPA. Plaintiff in this case does not allege anything resembling a RESPA claim. RESPA "authorizes suits only by individuals who receive a loan that is accompanied by an unlawful referral." *In re Carter*, 553 F.3d 979, 989 (6th Cir. 2009).

9

Moreover, Congress did not design RESPA or Article 3 of the Uniform Commercial Code to occupy the regulatory field of a specific subject or create a superseding cause of action. *See Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005) (noting that the Supreme Court has found only three statutes to have the requisite extraordinary preemptive force to support complete preemption: "§ 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and § 30 of the National Bank Act, 12 U.S.C. §§ 85 & 86."). Article 3 of the Uniform Commercial Code preempts some state laws, but its preemptive effect does not establish removal jurisdiction in this Court. *See Metz v. Unizan Bank*, 416 F. Supp. 2d 568, 582 (N.D. Ohio 2006) (explaining how the UCC preempts some state regulations).

C. **Substantial Federal Question Doctrine**

Third, the Browns argue that the substantial federal question doctrine establishes jurisdiction. Under the substantial federal question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the "validity, construction, or effect of federal law." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (internal quotation marks omitted). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one." *Id.* at 313. "The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007).

The claims in a foreclosure action do not depend on the validity, construction, or effect of a federal law. *See Chase Manhattan Mortgage Corp.*, 507 F.3d at 913 ("foreclosure action relied exclusively upon state law and could not reasonably be construed as supporting federal question jurisdiction"); *Federal National Mortgage Assoc. v. Le Crone,* 868 F.2d 190 (6th Cir.1989)

("FNMA's complaint for foreclosure of LeCrone's mortgage raises no federal issues and thus the suit between FNMA and LeCrone does not present a federal question for removal analysis."). The Browns appear to argue that jurisdiction exists because federal law dictates whether Plaintiff has an interest in the property and whether Plaintiff has possession of the note. These determinations, however, do not give rise to substantial federal question jurisdiction. *See James v. Guaranteed Rate, Inc.*, 1:09-CV-38, 2009 WL 928285 (S.D. Ohio Apr. 6, 2009) (finding defendant cannot remove foreclosure action from state court when party argued the mortgagee lacked a legal interest in the property and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692). Absent some additional element implicating a significant federal issue, the Court finds no substantial federal question exists.

In sum, consideration of all relevant factors militates against removal in this case. The Browns fail to develop any argument that could confer jurisdiction to this Court. Plainly, as the Magistrate Judge found, this Court does not have subject matter jurisdiction.

**IV.** **Conclusion**

For the reasons discussed above, the Court **OVERRULES** the objections, **ADOPTS** the R & R, and **REMANDS** this case to the Court of Common Pleas, Delaware County, Ohio.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE